## BLOCKER v. KIRSCH & WHITE et al. *
### No. 16605.

Court of Appeal of Louisiana. Orleans.
March 22, 1937.

Wm. Donnaud, of New Orleans, for appellants.

Marion C. Seeber, of New Orleans, for appellee.

WESTERFIELD, Judge.

Walter Blocker brought this suit against the partnership of Kirsch & White and the Greater New Orleans Homestead Association, in solido, claiming $127.80 under an alleged oral contract for the filling of a certain lot of ground in the city of New Orleans. The sum sued for, it is alleged, was the agreed price for which plaintiff undertook to fill the lot. Kirsch & White defended on the ground that they were acting as agents for a disclosed principal, Bernard Kenney, and that, therefore, they were not personally liable to plaintiff and that, if any sum is due plaintiff by anybody, which was not admitted, the amount was limited to $50 because he had agreed to fill the lot for that sum.

There was judgment below in favor of plaintiff as prayed for against Kirsch & White and in favor of the Greater New Orleans Homestead Association and against plaintiff dismissing the suit as against it. Kirsch & White have appealed.

The record shows that Bernard Kenney had contracted with Kirsch & White for the erection of a dwelling on a lot which he had purchased from or through the Greater New Orleans Homestead. The lot was in need of filling and plaintiff engaged to fill it. According to plaintiff, Kirsch, acting for Kirsch & White, ordered $50 worth of filling which proved inadequate to bring the lot up to grade and that when building operations were stopped by the city building inspector on that account more filling was ordered and a price of 50 cents per yard for brick bat and 62½ cents per yard for river sand filling agreed upon. It does not appear that Kirsch & White acted as agents for Kenney, but as contractors having a general building contract to build a house for Kenney. Their liability under the circumstances cannot be questioned.

The plaintiff's version of the matter was accepted by the judge, a quo, and seems to us reasonable. There is no contention that the amount of filling placed upon the lot was less than plaintiff claims, nor that the price alleged to have been agreed upon was unreasonable.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied April 19, 1937. Writ of certiorari refused May 24, 1937.